FILED
Clerk
District Court

MAY 23 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# UNITED STATES DISTRICT COURT
## FOR THE
# NORTHERN MARIANA ISLANDS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CR- 03-000016-003                                  May 24, 2006
                                                   10:00 a.m.

### UNITED STATES OF AMERICA -v- CHEN, JIA HUAN

PRESENT:    HON. ALEX R. MUNSON, Chief Judge Presiding
            SANAE SHMULL, Official Court Reporter
            K. LYNN LEMIEUX, Courtroom Deputy
            TIMOTHY MORAN, Assistant U. S. Attorney
            DANILO AGUILAR, Counsel for Defendant
            CHEN, JIA HUAN, Defendant

PROCEEDING:    RE-SENTENCING

Defendant was present with his court appointed counsel, Attorney Danilo Aguilar. Government by Timothy Moran, AUSA. Also present was U.S. Probation Officer, Melinda Brunson.

Aby Leung was sworn as interpreter/translator of the Mandarin language.

Defendant was examined as to his understanding of his constitutional rights and his understanding of the proceedings.

The defendant was sentenced on March 16, 2004. On February 10, 2006, the U.S. Court of Appeals for the Ninth Circuit remanded this case by mandate to proceed pursuant to US -vs- Ameline, 409 F3d1073 (2005) (en banc). The defendant has been in custody since August 14, 2003. On December 12, 2003, Chen, Jia Huan was found guilty by a jury to Counts I and IV of the indictment in this case; which charged him with Conspiracy to Collect Extensions of Credit by Extortionate Means.

Defense argued for a change to the base offense level pursuant to the 9th Circuit's recommendation for reconsideration due to issues raised by US -vs- Ameline. Government argued against the change.

Court, after hearing argument, ORDERED that the 4 level enhancement based on use of a weapon and the 2 level enhancement based on injuries sustained by victims be removed and the total offense level be changed to a level of 20.

Court adopted the **amended** presentence investigation report and instructed the Clerk to file the report, under seal, and that the report be made available if the judgment is appealed. The probation officer's recommendation shall also be placed under seal. No objection by the parties other than previously stated in their arguments.

Government moved for the maximum sentence within the guideline range. Defense moved

for a sentence of 36 months of imprisonment.

SENTENCE:  Pursuant to the  Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **CHEN, JIA HUAN** is hereby sentenced to a term of imprisonment of **78 months** for each count and the terms will run concurrently.

Court sentenced **above** the advisory guidelines.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years for each count, the terms shall run concurrently.  The terms of supervised release will include the following conditions:

1. The defendant shall be delivered to a duly authorized immigration official for deportation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. §1101.  As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General.  If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release;

2. The defendant shall obey all federal, state and local laws;

3. The defendant shall not use or possess illegal controlled substances;

4. That the defendant shall submit to one (1) urinalysis test within 15 days of release from custody and to up to eight urinalysis per month thereafter;

5. That the defendant shall comply with the stand conditions of supervised release as set forth by the U.S. Probation Office;

6. That the defendant shall not possess a firearm or other dangerous weapon;

7. That the defendant shall refrain from the excessive use of alcoholic beverages and submit to random alcohol testing to ensure compliance with this condition; and

8. That the defendant perform 300 hours of community service.

Court ordered that the defendant pay a $200.00 assessment fee.  All fines were waived.

No objection to the sentence by the attorneys.  Defendant was advised of his  right to appeal the sentence;  if  he or his attorney feel that there is a reason to appeal they must do so within 10 days. Further, the defendant was advised of his right to an attorney for appeal.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 10:50 a.m.

K. Lynn Lemieux, Courtroom Deputy