# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

*****************************************************************************

CR- 03-000016-003                                      December 14, 2007
                                                       10:40 a.m.

### UNITED STATES OF AMERICA -v- CHEN, JIA HUAN

PRESENT:    HON. ALEX R. MUNSON, Chief Judge Presiding
            SANAE SHMULL, Official Court Reporter
            K. LYNN LEMIEUX, Courtroom Deputy
            BEVERLY MC CALLUM, Assistant U. S. Attorney
            DANILO AGUILAR,  Counsel for Defendant
            CHEN, JIA HUAN, Defendant

PROCEEDING:     RE-SENTENCING

Defendant was present with his court appointed counsel, Attorney Danilo Aguilar. Government by Beverly McCallum, AUSA. Also present was U.S. Probation Officer, Melinda Brunson.

Tony Yen was sworn as interpreter/translator of the Mandarin language.

Defendant was examined as to his understanding of his constitutional rights and his understanding of the proceedings.

The defendant was originally sentenced on March 16, 2004. On May 23, 2006, the defendant was resentenced on a remand from the U.S. Ninth Circuit Court of Appeals pursuant to US -v- Ameline, 409 F3d1073 (2005) (en banc).. Court announced that at that sentencing , on May 23, 2006, the Court was in error regarding the application of the enhancements. The defendant is before the Court on this date on another remand by the U.S. Court of Appeals for the Ninth Circuit.

Court recessed at 10:45 a.m. and reconvened at 11:00 a.m.

Attorney Aguilar noted for the record his objections to paragraph 45 and 46 of the presentence investigation report. Government argued that the 4 level enhancement was appropriate in paragraph 45; and that the 2 level enhancement in level 46 was also appropriate.

Court, after hearing argument, did not amend paragraphs 45 and 46. Court adopted the presentence report in it's entirety, as amended. Court found the advisory guideline at a **level 26**.

Government moved for the maximum sentence within the guideline range at **78 months**. Defense moved for a sentence of **63 months** of imprisonment at the low end of the guidelines.

SENTENCE:  Pursuant to the  Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant **CHEN, JIA HUAN** is hereby sentenced to a term of imprisonment of  **78 months** for each count and the terms will run concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years for each count, the terms shall run concurrently. The terms of supervised release will include the following conditions:

1. The defendant shall be delivered to a duly authorized immigration official for deporation proceedings pursuant to 18 U.S.C. §3583(d), and with the established procedures provided by the Immigration and Naturalization Act under 8 U.S.C. §1101. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States and shall not re-enter without the permission of the U.S. Attorney General. If deportation fails to occur and the defendant is released from confinement pending further immigration proceedings, he shall immediately report to the U.S. Probation Office to begin his term of supervised release;

2. The defendant shall obey all federal, state and local laws;

3. The defendant shall not use or possess illegal controlled substances;

4. That the defendant shall submit to one (1) urinalysis test within 15 days of release from custody and to up to eight urinalysis per month thereafter;

5. That the defendant shall comply with the stand conditions of supervised release as set forth by the U.S. Probation Office;

6. That the defendant shall not possess a firearm or other dangerous weapon nor have such at his residence;

7. That the defendant shall refrain from the excessive use of alcoholic beverages and submit to random alcohol testing to ensure compliance with this condition; and

8. That the defendant perform 300 hours of community service.

Court ordered that the defendant pay a $200.00 assessment fee to be paid immediately after sentencing and if that was not possible then it shall be paid during his term of incarceration. All fines were waived.

Court recommended that the defendant take advantage of all programs available to him while incarcerated such as anger management programs and vocational and educational programs.

No objection to the sentence by the attorneys. Defendant was advised of his right to appeal the sentence; if he or his attorney feel that there is a reason to appeal they must do so within 10 days. Further, the defendant was advised of his right to an attorney for appeal.

Defendant was remanded into the custody of the U.S. Marshal.

Adj. 11:30 a.m.

/s/K. Lynn Lemieux, Courtroom Deputy